UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
DEBRA MARY KAPLAN,

                Plaintiff,

      -against-

SUSAN KAPLAN ELMENDORF,
MONICA KAPLAN TACOMA,
ANTHONY TACOMA, ASTORIA BANK,

                Defendants.
------------------------------------------------------X
FEUERSTEIN, District Judge:

**ORDER**
14-CV-2071 (SJF)(GRB)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ APR 30 2014 ★

**LONG ISLAND OFFICE**

On April 1, 2014, *pro se* plaintiff Debra Mary Kaplan ("plaintiff") filed a complaint in this Court against defendants Susan Kaplan Elmendorf ("Elmendorf"), Monica Kaplan Tacoma ("M. K. Tacoma"), Anthony Tacoma ("A. Tacoma") and Astoria Bank ("the Bank"), presumably pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging, *inter alia*, violations of her First Amendment right to free speech and "bank fraud," accompanied by an application to proceed *in forma pauperis*. On April 4, 2014, plaintiff filed an amended complaint against the same defendants, also presumably pursuant to Section 1983, alleging, *inter alia*, violations of her First Amendment right to free speech, "fraudulent transfer," conspiracy and negligence.

Since plaintiff's financial status, as set forth in her declaration in support of her application to proceed *in forma pauperis*, qualifies her to commence this action without prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), her application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the complaint is *sua sponte* dismissed in its entirety pursuant to 28 U.S.C. §§ 1367(c)(3) and 1915(e)(2)(B)(ii).

I. The Complaint and Amended Complaint[1]

A. The Complaint

In her original complaint, plaintiff alleges that between March 25, 2014 and March 31, 2014, Elmendorf, M. K. Tacoma and A. Tacoma (collectively, "the individual defendants") fraudulently transferred funds from a trust account held at the Bank by plaintiff's mother, Lillian Kaplan, who died on March 31, 2014. (Complaint ["Compl."], ¶ III.B. and C.) Specifically, plaintiff alleges that on or about March 28, 2014, while her mother was hospitalized and dying from cancer, Elmendorf called the Bank and "forcefully had Lillian Kaplan tranfer [sic] a trust account out of [plaintiff's] name and lied to bank officials to embezzle and steal money." (Compl. at ¶ III.C.) Plaintiff claims that the individual defendants "all together schemed this fraudulent tranfer [sic]." (Id.) Plaintiff also claims that the individual defendants violated her First Amendment right "to free speech to be allowed to be with and talk to [her] mother passing away," (Compl. at II.B.), and "to be with [her] mother when she died." (Compl. at ¶ V.) Plaintiff seeks to recover damages in the amount of two million dollars ($2,000,000.00) for "emotional distress of forefully [sic] denying my right to be with my mom when she died." (Compl. at ¶ V.)

B. The Amended Complaint

In her amended complaint, plaintiff alleges a violation of her First Amendment right to free speech on the basis that she "was prevented to be with mother at her last hours of life." (Amended Complaint ["Am. Compl."] at ¶ II.B.) The amended complaint alleges that between March 20, 2014

---

[1] All material allegations in the complaint and amended complaint are assumed to be true for the purposes of this order, see, e.g. Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

2

and March 31, 2014:

> "Violation of NY Code 4201[2] - Defendants denied my right to plan
> funeral. * * * Fraudulent Transfer, trickery, Malicious Jealousy,
> secretley [sic] keeping me away from the banktranfer [sic][.] Use of
> deception to gain victims [sic] confidence, Conspiracy to remove me
> as beneficiary of my mothers [sic] bank account, and used coercion
> and undue influence, laudering [sic] money from checking account to
> empty estate clean social security deposits taken, Burial life insurance
> policies and all papers taken away from me and my mother[.] Susan
> Elmendorf-Fraudulent Transfer,, [sic] Conspiracy to remove me as a
> beneficiary[,] coercion and undue influence, Duress. Monica
> Tacoma-, Conspiracy to remove me as beneficiary, coercion and
> undue influence[.] Anthony Tacoma Sr[.]-,Conspiracy to remove me
> as beneficiary, Harassment and intimidation[.] Astoria Bank-
> carelessness, lack of supervision and training, negligence caused
> Fraudulent Transfer[.]
>
> Good [S]amaritan Hospital nurses administered a [sic] end of life
> Narcotic medication Morphine and soon after the defendants
> Conspired to remove me as beneficiary of my mothers [sic] bank and
> used undue influence [and] coercion and communicated with the
> bank to scheme a way not to alert the bank that she was heavily
> drugged To quickly transfer funds over the telephone days and hours
> before her death. The defendant contiued [sic] there [sic] coecion
> [sic], undue influence, while she was hemmoriaging [sic] blood. On
> several occasions[,] Lillian [K]aplan made several calls to [S]uffolk
> [C]ounty police 911 operators and stated checks were missing and
> personal itiems [sic] and she said Susan [E]lmendorf took them. All
> police reports are on file[.] Complaints from Lillian [K]aplan stating
> abuse from Susan Elmendorf to Lillian social worker at Good
> [S]amaritan."

(Am. Compl. ¶ III.C.) As a result of the foregoing, plaintiff claims: "Mental Anguish[,]

Psychological distress[,] Loss of beneficiary[,] Not allowing me to be part of the final funeral plans

for my mother[,] Not permitting me to be with my mother when she died[,] All three Defendants on

April 1[,] 2014 at my mothers [sic] apartment charged me and use [sic] force and Intimidation[,]

---

[2] The Court understands this citation to refer to N.Y. Public Health Law § 4201 which governs
the disposition of human remains and the responsibility therefor. See N.Y. Pub. Health L. § 4201
(McKinney 2012).

3

Police were called[] [and] Violation of NY Code 4201." (Am. Compl. ¶ IV.) Plaintiff seeks to recover damages in the sum of two million dollars ($2,000,000.00). (Am. Compl. ¶ V.)

II. Discussion

A. Standard of Review

Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

It is axiomatic that district courts are required to read *pro se* complaints liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hogan v. Fischer, 738 F.3d 509, 515 (2d Cir. 2013), and to construe them "to raise the strongest arguments that they suggest." Gerstenbluth v. Credit Suisse Securities (USA) LLC, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Harrington v. County of Suffolk, 607 F.3d 31, 33 (2d Cir. 2010); see also Ashcroft v. Iqbal 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests." Erickson, 551 U.S. 89, 127 S. Ct. 2197 (quotations and citation omitted); see also Anderson News, LLC v. American Media, Inc., 680 F.3d 162, 182 (2d Cir. 2012), cert. denied by Curtis Circulation Co. v. Anderson News, LLC, --- U.S. ----, 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013) (accord). "A

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft, 556 U.S. at 678, 129 S. Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955); see also Pension Benefit Guaranty Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Investment Management Inc., 712 F.3d 705, 717 (2d Cir. 2013)(accord). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft, 556 U.S. at 678, 129 S. Ct. 1937; see also In re Amaranth Natural Gas Commodities Litigation, 730 F.3d 170, 180 (2d Cir. 2013).

1. Section 1983

Since plaintiff alleges, *inter alia*, that defendants violated her right to free speech under the First Amendment to the United States Constitution, her amended complaint is liberally construed to assert a cause of action under Section 1983.

Section 1983 of Tile 42 of the United States Code provides, in relevant part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." Filarsky v. Delia, — U.S. —, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012). Thus, to state a Section 1983 claim, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured

by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

Although Section 1983 liability may only be imposed upon wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it," National Collegiate Athletic Ass'n. v. Tarkanian, 488 U.S. 179, 191, 109 S. Ct. 454, 102 L. Ed. 2d 469 (1988)(quotations and citation omitted); see also Hafer v. Melo, 502 U.S. 21, 28, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) ("Congress enacted § 1983 to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." (quotations and citations omitted)), "[a] private actor may be liable under § 1983 * * * if there is a sufficiently close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Sykes v. Bank of America, 723 F.3d 399, 406 (2d Cir. 2013)(quotations, internal quotations and citations omitted); see also Fabrikant v. French, 691 F.3d 193, 206-07 (2d Cir. 2012) ("Conduct that is formally 'private' may become so entwined with governmental policies or so impregnated with a governmental character that it can be regarded as governmental action. * * * [T]here must be such a close nexus between the state and the challenged action that the state is responsible for the specific conduct of which the plaintiff complains." (quotations, alterations, emphasis and citations omitted)). "Anyone whose conduct is fairly attributable to the state can be sued as a state actor under § 1983." Filarsky, — U.S. —, 132 S. Ct. at 1661 (quotations and citation omitted); see also Fabrikant, 691 F.3d at 207 ("The fundamental question * * * is whether the private entity's challenged actions are 'fairly attributable' to the state." (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982))).

6

"Three main tests have emerged:

> For the purposes of section 1983, the actions of a nominally private entity are attributable to the state . . . (1) [when] the entity acts pursuant to the coercive power of the state or is controlled by the state ('the compulsion test'); (2) when the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity has been delegated a public function by the state ('the public function test')."

Fabrikant, 691 F.3d at 207 (quoting Sybalski v. Indep. Grp. Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008) (alteration in original)).

Since, *inter alia*, it cannot reasonably be inferred from the allegations in plaintiff's complaint and amended complaint that any of the defendants were acting "under color of state law" for purposes of Section 1983 with respect to the conduct attributed to them in the complaint, see, e.g. Sykes, 723 F.3d at 406-07 (holding that the bank was not acting under color of state law in restraining a bank account); Belcher v. Wells Fargo Bank N.A., 377 F. App'x 59, 60 (2d Cir. May 14, 2010) (summary order) ("[Plaintiff's] § 1983 claims against the non-state individual defendants fail because he did not allege that they acted under color of state law."), plaintiff's Section 1983 claims are *sua sponte* dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim for relief.

2.    Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Although, "when addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," Thompson v. Carter, 284

F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted); see also Grullon v. City of New Haven, 720 F.3d 133, 139-40 (2d Cir. 2013) (accord), leave to amend is not required where a proposed amendment would be futile. See Grullon, 720 F.3d at 140; Anderson News, 680 F.3d at 185. "[A] complaint amendment would be futile only if the amended complaint would not contain enough allegations of fact to state a claim for relief that is plausible on its face." MetLife Investors USA Ins. Co. v. Zeidman, 734 F. Supp. 2d 304, 311 (E.D.N.Y. 2010), aff'd, 442 Fed. Appx. 589 (2d Cir. Sept. 19, 2011) (quotations and citation omitted); see also Salomon v. Adderley Industries, Inc., 960 F. Supp. 2d 502, 508 (S.D.N.Y. 2013); Annunziato v. Collecto, Inc., 293 F.R.D. 329, 333 (E.D.N.Y. 2013). Leave to amend may also properly be denied for: "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [and] undue prejudice to the opposing party by virtue of allowance of the amendment * * *.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

Since, *inter alia*, even a liberal reading of the amended complaint does not give any indication that plaintiff can state a plausible federal claim against any of the defendants herein, any amendment to the amended complaint to re-plead the Section 1983 claims would be futile. Accordingly, plaintiff's Section 1983 claims are dismissed in their entirety with prejudice.

### B. Supplemental Jurisdiction

Although the dismissal of state law claims is not required when the federal claims in an action are dismissed, a federal court may decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3). See Carlsbad Technology, Inc. v. HIF Bio, Inc., 556 U.S. 635, 129 S. Ct. 1862, 1866-1867, 173 L. Ed. 2d 843 (2009) (holding that a district court's

8

decision whether to exercise supplemental jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary); Pension Benefit, 712 F.3d at 726 ("It is a truism of federal civil procedure that in providing that a district court 'may' decline to exercise [supplemental] jurisdiction, § 1367(c) is permissive rather than mandatory." (quotations, brackets and citation omitted)). The court must "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction" over the pendent state law claims. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, n. 7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988); see also Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 117-18 (2d Cir. 2013) (accord). Generally, where all of the federal claims in an action are dismissed before trial, the balance of factors will favor declining to exercise supplemental jurisdiction over the remaining state law claims. See Cohill, 484 U.S. at 350 n. 7, 108 S. Ct. 614; Lundy, 711 F.3d at 118 ("Once all federal claims have been dismissed, the balance of factors will usually point toward a declination."); Brzak v. United Nations, 597 F.3d 107, 113-14 (2d Cir. 2010) ("[I]f a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well.")

In light of the dismissal of all federal claims in this action prior to service of summonses and the complaint upon defendants, and upon consideration of all relevant factors, i.e., judicial economy, convenience, fairness and comity, insofar as the amended complaint may be deemed to state any cognizable claims under state law, I decline to exercise supplemental jurisdiction over such claims. Accordingly, any state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). Plaintiff is advised that pursuant to 28 U.S.C. § 1367(d), the statute of limitations for any state law claims, to the extent those claims were timely filed in this Court, is tolled for a period of **thirty (30) days after the date of this order**, unless a longer tolling period is otherwise provided under state

9

law.

IV. Conclusion

For the aforementioned reasons, plaintiff's application to proceed *in forma pauperis* is granted; her Section 1983 claims are dismissed in their entirety with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief; and any state law claims are dismissed in their entirety without prejudice pursuant to 28 U.S.C. § 1367(c)(3). The Clerk of the Court is directed to close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, to serve notice of entry of this Order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.                     s/ Sandra J. Feuerstein

　　　　　　　　　　　　　　　　Sandra J. Feuerstein
　　　　　　　　　　　　　　　　United States District Judge

Dated: April 30, 2014
　　　　Central Islip, New York